IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
MAY 6 2004

CLERK

MARCIE FUERSCHBACH,

    Plaintiff,

vs.

Civ. No. 03-540 RHS/LFG

SOUTHWEST AIRLINES CO.,
MICHAEL SANTIAGO, and
TINA MARIE TAPIA,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion in Limine to Exclude Southwest Airlines' Designation of Expert, Thomas Gillespie, filed February 9, 2004 [Doc. No. 80], Defendant Southwest Airline Co.'s Motion for Summary Judgment, filed February 10, 2004 [Doc. No. 81], Defendants Michael Santiago and Tina Marie Tapia's Motion for Summary Judgment, filed February 13, 2004 [Doc. No. 87], Plaintiff's Motion in Limine to Exclude Southwest Airlines' Designation of Expert, Anne Rose, and in the Alternative for Daubert Hearing, filed February 17, 2004 [Doc. No. 90] and Plaintiff's Motion to Strike Defendant Southwest's Reply Brief on Defendant Southwest Airline Co.'s Motion for Summary Judgment, filed March 24, 2004 [Doc. No. 114]. Having considered the pleadings, the exhibits and the entire record, the Court finds that Defendant Southwest Airline Co.'s Motion for Summary Judgment and Defendants Michael Santiago and Tina Marie Tapia's Motion for Summary Judgment are well taken and they will be granted. The Court

1



finds that Plaintiff's Motion to Strike Defendant Southwest's Reply Brief on Defendant Southwest Airline Co.'s Motion for Summary Judgment is not well taken and it will be denied. Plaintiff's Motions in Limine will be denied as moot.

**Factual Background**

The following material facts are undisputed. Plaintiff is currently a Southwest Airlines ("SWA") employee and has been employed by SWA as a customer service agent since December 2001. Prior to August 18, 2002, Plaintiff and her supervisors had a harmonious working relationship. Plaintiff previously heard about pranks being played on other SWA employees and expected that she too might be subject to a prank when she completed probation. Plaintiff understood that if she did not want to be subject to a prank, she could tell her supervisors and they would not subject her to a prank. Although plaintiff witnessed a number of pranks prior to the incident, she never told her supervisors that she did not want to be made the subject of a prank.

On August 18, 2002 Plaintiff's "wings" arrived and SWA personnel requested that aviation police officers assist them in staging a mock arrest of Plaintiff. After advance warning was given to the customer service agents and customers, a police officer approached Plaintiff and told her that she needed to go with him to answer some questions. She complied with his request, was handcuffed behind her back, walked twelve to fifteen feet toward the elevator and then was told "Congratulations for being off probation" by a SWA employee. The handcuffs were removed and several SWA employees and customers applauded.

Plaintiff started crying during the incident. One SWA employee told Plaintiff that "we thought you were crying because you were laughing so hard." Defendant Tapia gave Plaintiff a hug and congratulated her immediately after the incident. Plaintiff testified that she was embarrassed

because she didn't get the joke and that she did not think the mock arrest was funny. She subsequently consulted a psychologist who diagnosed her as suffering from post-traumatic stress disorder.

**Procedural Background**

Plaintiff filed this lawsuit against the City of Albuquerque, two police officers, SWA and two SWA employees, alleging false imprisonment, false arrest, assault and battery, defamation by slander, intentional infliction of emotional distress, and civil conspiracy. The defamation claim was dismissed by this Court's Order filed March 15, 2004 [Doc. No. 109] and the police officers and the City of Albuquerque were granted summary judgment by this Court's Memorandum Opinion and Order filed March 16, 2004. [Doc. No. 110]. The remaining defendants, SWA, Michael Santiago and Tina Marie Tapia now seek orders also granting them summary judgment.

**Standard of Review**

A motion for summary judgment may be granted only when there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" Muñoz v. St. Mary-Corwin Hosp., 221 F. 3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56( c)). The substantive law at issue determines which facts are material in a given case. See Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 248 (1986). Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Id. When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. Id.

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. See Adickes v. S. H. Kress & Co., 398 U. S. 144, 157 (1970). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non-movant on an essential element of the non-movant's claim." Adler v.Wal-Mart Stores, Inc., 144 F. 3d 664, 671 (10th Cir. 1998). In such a situation, the moving party is entitled to judgment as a matter of law.

Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. See McGarry v. Board of County CON'R of County of Pitkin, 175 F. 3d 1193, 1201 (10th Cir. 1999). The party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. See Munoz, 221 F. 3d at 1164. Where the record taken as a whole could not lead a rational trier of fact to find for the non- moving party, there is no genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U. S. 574, 587 (1986)(quoting First Nat. Bank of Arizona v. Cities Serv. Co., 391 U. S. 253, 289 (1968)), Harvey Barnett, Inc. v. Shidler, 338 F. 3d 1125, 1129 (10th Cir. 2003).

## Motion to Strike Defendant Southwest Airlines Reply Brief on its Motion for Summary Judgment

Plaintiff moves to strike Defendant Southwest's Reply Brief on Defendant Southwest Airline Co.'s Motion for Summary Judgment because she contends that SWA improperly interjected new facts and affidavits in its reply brief which were not submitted in support of SWA's motion for summary judgment. She argues that because she had no opportunity to respond to the new facts

4

and affidavits that the Court should strike the reply brief, or in the alternative, should disregard all new facts and affidavits included in the reply.

Defendant SWA argues that the Federal Rules of Civil Procedure do not prohibit a party moving for summary judgment from offering new arguments or evidence in a reply brief. Alternatively, SWA states that there actually are no new facts or arguments in SWA's Reply. Finally, SWA states that any lack of opportunity for Plaintiff to respond to any new facts was self-inflicted because she did not seek leave of the Court to file a surreply.

The nonmoving party must be given notice of the movant's evidence and a reasonable opportunity to respond. Celotex Corp. v Catrett, 477 U.S. 317, 326 (1986). Although new evidence is generally not presented in a reply brief, " [Fed. R. Civ.P.] 56(c) simply requires that if the court relies on new materials or arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials." Doebele v. Sprint/United Management Co., 342 F.3d 1117, 1139, n. 13 (10th Cir. 2003).

The Court has reviewed the entire record in this case and has determined that the materials which were submitted with the reply brief which were not already part of the record in this case include the affidavits of Shane Bond, Jainey Nordlander and Dolores Schlachter and excerpts from the depositions of Tammy Baca and Linda Young. Those items and any new arguments in the reply brief were not relied upon by the Court in reaching its decision; therefore, the Court will not strike the reply and no surreply is required. Plaintiff's Motion to Strike Defendant Southwest's Reply Brief on its Motion for Summary Judgment is denied.

**Southwest Airlines Motion for Summary Judgment**

Defendant SWA contends that it is entitled to summary judgment because Plaintiff's claims

5

are barred by the New Mexico Workers Compensation Act ("the Act"), SWA cannot be liable for any intentional and malicious acts of Defendants Santiago and Tapia, and Plaintiff has presented no evidence showing SWA should be liable for punitive damages.

A. Exclusivity of the Workers Compensation Act

Defendant SWA argues that any injuries to Ms. Fuerschbach were accidental and that the the Act provides the exclusive remedy for accidental work related injuries pursuant to N. M Stat. Ann.1978, § 52-1-9 (1972). Defendant would be entitled to tort immunity under the WCA if it: (1) complied with the insurance provisions of the WCA; (2) at the time of the incident, Ms.Fuerschbach was performing services arising out of and in the scope of her employment; and (3) the injury was not self-inflicted and was proximately caused by accident arising out of and in the course of her employment. Id. Plaintiff contends that while the Act may provide the exclusive remedy for accidental work-related injuries, the harm to Plaintiff was neither accidental nor work-related, but rather intentional.

The New Mexico Supreme Court explained in Coates v. Wal-Mart Stores, Inc., 127 N.M. 47, 976 P.2d 999 (1999), that "[w]hile it is true that the basic essence of the exclusivity provision is that the Act's remedy is exclusive to all other remedies against the employer...the exclusivity provision is not an absolute bar," rather, ... "the WCA will preclude other claims only if the injury falls within the scope of the WCA. The WCA only covers work-related accidents and only injuries that fall within the Act's coverage." Coates, 127 N.M. at 52, 976 P.2d at 1004. In that case the Court found that psychological injuries occurring over time due to sexual harassment were not an incident arising out of the Plaintiff's employment. In this case, however, the alleged injury which occurred as a result of a prank of extremely short duration appears more comparable to "injury caused by

6

horseplay that is accepted and expected" which has been found to be compensable under the Act. Rivera v. New Mexico Highway and Transportation Dept., 115 N.M. 562, 566, 855 P.2d 136, 139-140. (Ct. App. 1993).

However, the WCA exclusivity provision does not bar claims for injuries caused by intentional acts when "the worker or employer expected injury to occur."under the exception set forth in Delgado v.Phelps Dodge Chino, Inc., 131 N.M. 272, 34 P. 3d 1148 (N. M. 2001). In Delgado, a supervisor allegedly ordered an inexperienced and untrained employee to perform a task that was virtually certain to result in serious bodily injury or death to the employee. Rather than shutting down operations, a supervisor ordered Delgado to remove a cauldron which was filled to the brim with 2000 degree molten rock. Delgado initially protested that he was unable and unqualified to do that job, but when his supervisor insisted, he tried to do so and was severely burned. He died as a result of his injuries three weeks later. Delgado, 131 N. M. at 275, 34 P. 3d at 1151.

The Delgado court held that where the employer intentionally inflicts or willfully causes the injury, the employer loses the exclusivity protection set forth in the Act and may be sued in tort. In that case, New Mexico Supreme Court abandoned the requirement that an employer must actually intend to injure the worker to be deprived of tort immunity. Id. at 279, 34 P. 3d at 1155. Instead, the Delgado court set forth a three-part test for determining when the employer is deprived of its benefits under the Act. The Court explained " that willfulness renders a workers injury non-accidental, and therefore outside the scope of the Act, when: (1) the worker or employer engages in an intentional act or omission, without just cause or excuse, that is reasonably expected to result in the injury suffered by the worker; (2) the worker or employer

7

expects the intentional act or omission to result in the injury, or has utterly disregarded the consequences; and (3) the intentional act or omission proximately causes the injury. Id. at 280, 34 P. 3d at 1156.

The single exhibit offered by Plaintiff in support of applying the Delgado exception to this case is her own affidavit. No other person has indicated that anyone at SWA perpetrated the mock arrest out of malice or an intent to hurt or humiliate Plaintiff. Ms Fuerschbach's affidavit asserts that the "arrest was designed to harm me," "they intended to make me suffer by not terminating the prank when I asked if it was a joke," and "[SWA, Tapia and Santiago's] acts were very bad and they need to be punished for them." This information is contradicted by Plaintiff's own deposition testimony that the people who planned the mock arrest thought it would be something she would enjoy and that they meant the mock arrest in fun.

Ms. Fuerschbach cannot create a genuine issue of material fact by contradicting her earlier statements. See Stanfield v. Osborne Indust., Inc., 52 F.3d 867, 871 n.4 (10th Cir. 1995). See also Penny v. United Parcel Service, 128 F.3d 408, 415 (6th Cir.1997) (party cannot create genuine issue of material fact by filing affidavit that contradicts own deposition testimony); Darnell v. Target Stores, 16 F.3d 174, 179 (7th Cir.1994) (plaintiff cannot create genuine issue of material fact to defeat summary judgment by relying on contradictory deposition testimony and affidavits by plaintiff); Babrocky v. Jewel Food Co., 773 F.2d 857, 861-62 (7th Cir.1985) (summary judgment granted when plaintiff contradicted own admission contained in earlier statement). The allegations that SWA and its employees specifically intended to injure her are disputed by her own sworn testimony and therefore cannot create a genuine issue of material fact to defeat summary judgment.

The evidence is therefore undisputed that Plaintiff's alleged injuries arose from a well-intentioned prank that accidently caused plaintiff unexpected distress. The Delgado exception to the exclusivity provision of the WCA does not apply in this case. Any negligent failure to expect Plaintiff's reaction to the prank is not enough to show that Plaintiff's alleged injuries fall outside of the WCA. However, assuming that the prank celebrating the end of Plaintiff's probation was not a regular incident of employment at SWA and any resultant injuries are not covered by the WCA, SWA would be liable for the intentional torts of its employees if the torts were committed in the course and scope of employment. As more fully explained below in the discussion of Defendants Tapia and Santiago's summary judgment motion, the Court finds that Tapia and Santiago did not commit such intentional torts against Plaintiff and SWA is therefore entitled to summary judgment on Plaintiff's claims for assault, battery, false imprisonment, false arrest, intentional infliction of emotional distress, civil conspiracy and punitive damages.

**Defendants Michael Santiago and Tina Marie Tapia's Motion for Summary Judgment**

Count II Conspiracy

In order to defeat Defendants' summary judgment motion regarding the claim of civil conspiracy, Plaintiff must come forward with evidence to show: "(1) that a conspiracy between two or more individuals existed; (2) that specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) that the plaintiff was damaged as a result of such acts." Bauer v. College of Santa Fe, 134 N.M. 439, 78 P.3d 76 (Ct. App. 2003), quoting Extension v. Burke, 130 N.M. 67, 17 P.3d 440 (Ct. App. 2000). Plaintiff has failed to do so. The undisputed facts and evidence of record do not support a reasonable inference that the brief detention of Plaintiff in a mock arrest celebrating her successful completion of probation is "a wrongful act" within the meaning of

9

the civil conspiracy. Thus, Plaintiff cannot meet her burden of showing each element required to establish this cause of action against the remaining defendants and they are entitled to summary judgment on this claim.

Count III. False Imprisonment and Count IV. False Arrest

False imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that [the defendant] has no lawful authority to do so. Romero v. Sanchez, 119 N. M. 690, 693, 895 P. 2d 212, 215 (1995) (quoting N. M. Stat. Ann. § 30-4-3 (Mickie 1994)); see also Mendoza v. K-Mart Inc., 587 F. 2d 1052, 1058 (10th Cir. 1978) ( One basic element of . . . a [false imprisonment] claim is that the plaintiff be confined or restrained in some unlawful way by the defendant.) Unlawful arrest or detention has similar requirements. Romero, 119 N. M. at 693, 895 P. 2d at 215. As explained more fully in this Court's Memorandum Opinion and Order granting the two police officers summary judgment on this claim, the officers lacked the requisite knowledge that they had no lawful authority to briefly restrain Plaintiff as part of a prank at the request of SWA. A good faith and reasonable belief in the lawfulness of the action taken is a defense to a civil wrongful arrest or a false imprisonment suit and Defendants Tapia and Santiago are also entitled to summary judgment on these claims.

Count V Assault and Battery

Under New Mexico law, for there to be an assault, there must be an act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery. Back v. Venez., 114 N. M. 13, 15, 833 P. 2d 1194, 1196 (Ct. App. 1992) ( citation omitted). To prevail on a claim for battery, Plaintiff must prove by a preponderance of the evidence that the officers (a) acted intending to cause a harmful or offensive contact, or an imminent

apprehension of such a contact, and (b) an offensive contact with the person directly or indirectly resulted. State v. Ortega, 113 N.M. 437, 827 P.2d 152 (Ct. App. 1992) (citing Restatement (2nd) of Torts §18 (1965)).

Plaintiff's deposition testimony that the officers were courteous and professional and that they did not behave in an angry manner does not support her assault claim. There is also no evidence that the officers, Tapia, Santiago or any other SWA employee intended to cause harmful or offensive contact. The Court has previously found that Plaintiff's claim that one of the officers "physically touched" her when he put on the handcuffs is insufficient to support her battery claim against that officer. Defendants SWA, Santiago and Tapia are also entitled to summary judgment on this claim.

Count VII Intentional Infliction of Emotional Distress

The tort of intentional infliction of emotional distress was defined in Dominguez v. Stone, 97 N.M. 211, 638 P. 2d 423 (Ct. App. 1981). Quoting with approval from the Restatement (Second) of Torts, the Dominguez court stated that to be actionable, conduct must go beyond acting with an intent which may be tortious or even criminal, and must be so outrageous in character, and so extreme in degree, to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Id., 97 N.M. 214, 638 P. 2d at 426; see also Jaynes v. Strong-Thorne Mortuary, Inc., 124 N.M. 613, 618, 954 P. 2d 45, 50 (1997). The mere fact that an actor knows that his conduct is insulting, or will deeply hurt another's feelings is insufficient to establish liability. Padwa v.Hadley, 127 N.M. 613, 981 P.2d 1234 (Ct. App. 1999)., cert. denied 127 N.M. 389, 981 P.2d 1207. The actions of Defendants Tapia and Santiago did not rise to the level of the extreme and outrageous conduct which would permit recovery for intentional infliction of emotional distress and, therefore, their motion for summary judgment on this claim will be granted.

Count VIII  Punitive Damages

Plaintiff must also prove actual malice in order to justify the award of punitive damages. Walta v. Gallegos Law Firm, P.C., 131 N.M. 544, 40 P.3d 449 (Ct. App 2001), cert denied 131 N.M. 619, 41 P.3d 345 (2002). Plaintiff failed to show that any of the remaining defendants in this case acted with actual malice toward her and they are thus entitled to summary judgment on the punitive damage claim.

**Southwest Airlines Liability for State Claims and Punitive Damages**

As discussed above, the Court finds that Defendants Tapia and Santiago did not commit any tort against Plaintiff, therefore, summary judgment must be granted to Defendant SWA on the claim that SWA is liable for its employee's torts. Having found that no intentional torts were committed by SWA's employee managers, it follows that the punitive damage claim against SWA also must be dismissed.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Strike Defendant Southwest's Reply Brief on Defendant Southwest Airline Co.'s Motion for Summary Judgment, filed March 24, 2004 [Doc. No. 114] is **DENIED**.

2. Defendant Southwest Airline Co.'s Motion for Summary Judgment, filed February 10, 2004 [Doc. No. 81] and Defendants Michael Santiago and Tina Marie Tapia's Motion for Summary Judgment, filed February 13, 2004 [Doc. No. 87] are **GRANTED,** and Plaintiff's claims against these defendants are **DISMISSED WITH PREJUDICE**.

3. Plaintiff's Motion in Limine to Exclude Southwest Airlines' Designation of Expert, Thomas Gillespie, filed February 9, 2004 [Doc. No. 80] and Plaintiff's Motion in Limine to Exclude Southwest Airlines' Designation of Expert, Anne Rose, and in the Alternative for Daubert Hearing,

filed February 17, 2004 [Doc. No. 90] are **DENIED** as moot.

*Robert H. Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE